UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCNABOE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY INC., et al.,<br><br>    Defendants. | Case No. 13-cv-04174-SI<br><br>**ORDER RE: FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 51 |

The parties last appeared before the Court on May 8, 2015 for a case management conference. At that time the Court continued the CMC to October 9, 2015 to permit the parties to continue to work with Arbitrator Paul Staudohar to resolve issues related to the application of Arbitrator Staudohar's March 4, 2015 Opinion and Decision, awarding plaintiff:

    1.    One year of back pay;

    2.    Health and welfare and seniority benefits for the full period up to July 7, 2014;

    3.    Out-of-pocket medical and dental expenses; and

    4.    Interest of seven percent on monies owed by the Employer.

Additionally, Arbitrator Staudohar ordered that:

    1.    Outside earnings of approximately $3,200.00 be deducted from back pay; and

    2.    Unemployment benefits paid to plaintiff be deducted from back pay.

The parties' case management statements to this Court reveal that little progress has been made in implementing Arbitrator Staudohar's Opinion and Decision.

In an effort to assist the parties in concluding this protracted dispute over the remedy in plaintiff's case, the Court informed the parties that in-person appearance would be required for the October 9, 2015 CMC. Evidently counsel for Safeway is unable to appear in person on October 9,

2015.

The Court therefore orders the parties to appear in person for a Further Case Management Conference set for 10/15/2015 10:30 a.m. in Courtroom 10, 19th Floor, San Francisco.

At the CMC, the parties shall be prepared to discuss, among other issues, the following:

1. Has Safeway inquired of the State's unemployment office to secure the details of the start and end dates and total amount of cash benefits paid to plaintiff? If not, why?

2. Has Safeway credited plaintiff's health and welfare account with contributions and credit for hours worked? If not, why?

3. What was the outcome of the arbitrator's March 16, 2015 order clarifying that he intended to include pension benefits in his award on March 4, 2015, wherein he awarded plaintiff "[h]ealth and welfare *and seniority benefits* . . . for the full period up to July 7, 2014." If this has not been acted upon, why not?

4. What other documents, if any, has Union neglected to provide Safeway? If these documents have not been provided to Safeway, why not?

5. Plaintiff claims that she cannot return to work due to a medical condition. Safeway claims that it has not been provided with a doctor's note or medical certification supporting this claim. Is this accurate? If so, why has this documentation not been provided?

**IT IS SO ORDERED**.

Dated: October 8, 2015

SUSAN ILLSTON
United States District Judge