UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURA MCNABOE,

          Plaintiff,

     v.

SAFEWAY INC., et al.,

          Defendants.

Case No.  13-cv-04174-SI

**ORDER GRANTING DEFENDANT SAFEWAY INC.'S MOTION TO DISMISS**

Re: Dkt. No. 7

Before the Court is defendant Safeway Inc.'s motion to dismiss plaintiff's complaint.  For the reasons set forth, the Court hereby **GRANTS** defendant's motion in its entirety.

## BACKGROUND

Plaintiff Laura McNaboe ("McNaboe") filed the instant action against defendant Safeway Inc. ("Safeway") and defendant Local 5 of the United Food and Commercial Workers ("Union") on September 9, 2013.   Dkt. 1.  In her complaint, McNaboe alleged causes of action for (1) Unlawful Discharge and Breach of Union's Duty of Fair Representation against Safeway and the Union; (2) Wrongful Termination in Violation of Public Policy against Safeway; (3) Intentional Infliction of Emotional Distress ("IIED") against Safeway; and (4) Negligent Infliction of Emotional Distress ("NIED") against Safeway.  Dkt. 1 at 10-14.

### I.       Procedural History

Safeway filed a motion to dismiss the complaint on October 4, 2013.   Dkt. 7.   On December 2, 2013, this Court issued an order staying the case pending the outcome of a scheduled arbitration between the parties.  Dkt. 27.  The arbitrator reached a decision on the merits of the

dispute on June 6, 2014. Dkt. 59-1 at 2. Outstanding issues remained, however, and the arbitrator retained jurisdiction over the dispute resulting in a second decision on March 4, 2015, as well as a letter of clarification dated March 16, 2015. *See* Dkt. 59-1 at 2. The Court ultimately lifted the stay order on April 22, 2015. Dkt. 41. Despite lifting the stay, outstanding issues related to pay and benefits remained, necessitating further review by the arbitrator. *See* Dkts. 58, 59, 59-1. A final decision on these issues appears to have been rendered on November 13, 2015. Dkt. 58, 59. Safeway now asks this Court to rule on its outstanding motion to dismiss. Dkt. 64 at 3.

## II.   Facts

The facts leading to McNaboe's filing of the present suit are as follows: Then 58 year-old McNaboe worked for Safeway at Store No. 1723 in San Anselmo, California from 1994 until about April 16, 2012. Dkt. 1 at 2, 3. Throughout the time McNaboe worked for Safeway, she was a member of the Union. *Id.* at 3. During McNaboe's tenure as a Safeway employee, the Union represented McNaboe and certain other Safeway employees through a collective bargaining agreement ("CBA"), the parties to which were Safeway and the Union. *Id.* at 5.

On or about February 3, 2012, as part of an investigation into possible stolen or misappropriated store funds, McNaboe met with members of Safeway's loss prevention team. *Id.* at 7. McNaboe alleges that she was "subjected to a series of hostile, humiliating interrogatories predicated on an assumption that she had lost or stolen store funds." *Id.* She contends that she was extremely intimidated by the questioning, which made her feel "overwhelmed, frightened, embarrassed, and confused." *Id.* She was then allegedly told by Safeway representatives that her responses to the questions made her "sound like a 6 month-old booth clerk." *Id.* At the close of the meeting she was told to contact her Union, but allegedly threatened with a statement to the effect that if she challenged her upcoming suspension, that Safeway would "fight" back. *Id.*

When McNaboe later returned home from work her husband "feared for her health and safety"; she recounts that her emotional state "was that of a victim of a severe trauma . . . as if she had been raped." *Id.* at 7-8.

Following this meeting, McNaboe was suspended pending further investigation. *Id.* Her

2

complaint further contends that Safeway's accusations of wrongdoing were a pretext to remove her from her position and "deny her the opportunity to complete the years of service necessary to qualify for retirement pay and benefits." *Id.*

McNaboe contacted the Union on or about February 8, 2012, and the Union filed a grievance regarding McNaboe's suspension. *Id.* On April 16, 2012, Safeway terminated McNaboe's employment for allegedly violating company policies and procedures. McNaboe alleges that after her wrongful termination, she was replaced by younger employees with less seniority. *Id.* at 8.   McNaboe reports that at the time of her termination, she was less than one year short of contractual eligibility for "full retirement," including a pension based on lifetime earnings as well as continued medical benefits. *Id.* at 3.

Following McNaboe's termination, a Board of Adjustment convened on April 26, 2012 at which Safeway and the Union were unable to resolve the grievance. *Id.* at 9.  McNaboe alleges that she was again subjected to "hostile, intimidating and insulting interrogatories" by Safeway at this meeting. *Id.* at 9.  Thereafter, McNaboe engaged in a series of communications with the Union regarding the status of her grievance and the possibility of pursuing the dispute through binding arbitration. *Id.* at 9-10.  In her complaint she alleges that the Union "abandoned" her; that she was repeatedly told that the matter was being "considered"; that the Union "had not forgotten about her"; that the Union "believed in her"; and that the matter was "tied up in negotiations." *Id.* at 9.  McNaboe's last contact with the Union was on February 18, 2013, when the Union's grievance director told her that the Union would meet with Safeway to set an arbitration date, and further assured McNaboe that the Union would recover back pay and either get her old job back or obtain her full retirement and benefits. *Id.*  McNaboe alleged in her September 9, 2013 complaint that she heard nothing further from either the Union or Safeway following this last contact, and she filed the instant action. *Id.* at 10.

An arbitrator was, in fact, appointed on February 18, 2013.  Dkt. 32-1 at 2.  The arbitrator reached a final decision on the merits of plaintiff's grievance on June 6, 2014, finding that plaintiff was not discharged for just cause, and ordering her reinstated to her former position with full back pay and benefits, including pension and health and welfare and reimbursement for the COBRA

1    payments she made.  *Id.* at 36.  Interest was provided on all monies due, at the rate of seven

2    percent.  *Id.*

3

4                                        **LEGAL STANDARD**

5            Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

6    if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

7    dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

8    face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard

9    requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

10   has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must assume that

11   the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.

12   *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).  However, "recitals of the elements of a

13   cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678

14   (citing *Twombly*, 550 U.S. at 555).  As a general rule, the Court may not consider materials

15   beyond the pleadings when ruling on a Rule 12(b)(6) motion.  *Lee v. City of L.A.*, 250 F.3d 668,

16   688 (9th Cir. 2001).  Moreover, it is improper for a court to assume "the [plaintiff] can prove facts

17   that [it] has not alleged."  *Associated Gen. Contractors of California, Inc. v. California State*

18   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

19           If the Court dismisses a complaint, it must decide whether to grant leave to amend.  The

20   Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

21   request to amend the pleading was made, unless it determines that the pleading could not possibly

22   be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

23   (citations and internal quotation marks omitted).

24

25                                         **DISCUSSION**

26           The Court notes at the outset that no party has briefed what, if any, preclusive effect the

27

28

                                                    4

findings and award of the arbitrator has over the pendency of this action.[1]  The Court is aware that, pursuant to California law, "findings made during a labor arbitration [are] . . . binding in a subsequent employee lawsuit if the employee was a party to the arbitration or in privity with the union during that proceeding."  *Kelly v. Vons Companies, Inc.*, 67 Cal. App. 4th 1329, 1338 (Cal. Ct. App. 1998).  This appears to be the case here.

However, in light of the parties' briefing of the issues, resolution of the pending motion must be based on the allegations on the face of the complaint filed by plaintiff, and whether that complaint is plausibly articulated or capable of becoming so if granted leave to amend.  *See* *Twombly*, 550 U.S. at 557; *Lopez*, 203 F.3d at 1130.  The Court concludes that the present causes of action alleged must be dismissed.

## I.  Unlawful Discharge and Breach of Union's Duty of Fair Representation against Union and Safeway

To begin, a union member's claim that the union breached its duty of fair representation in grieving her termination is governed by a six-month statute of limitations.  *See* 29 U.S.C. § 160(b); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165-169 (1983). In *DelCostello*, the Court held that in such hybrid actions, the six-month statute of limitations for unfair labor practices, outlined in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), should be applied to both the discharge claim and to the duty of fair representation claim.  *Id.*

The current dispute appears to present a similar set of facts.  McNaboe alleges that she was wrongfully terminated, without good cause, in violation of the CBA, and that that the Union breached its duty of fair representation in handling her grievance.  *See* Dkt. 1 at 10-11.  Thus, she must show that she lodged the present suit within the requisite six months as soon as she "was or should have been aware of the acts constituting the alleged violation."  *See Proudfoot v. Seafarer's International Union*, 779 F.2d 1558, 1559 (7th Cir. 1986).

---

[1]  Safeway has, however, withdrawn its argument that McNaboe failed to exhaust her administrative remedies; the Court's order does not address this argument.  Dkt. 64 at 2 n.2.

United States District Court
Northern District of California

McNaboe's complaint recounts that her last contact with Safeway and the Union was February 18, 2013. *See* Dkt. 1 at 9-10. She filed the present suit on September 9, 2013 — more than six months later. Dkt. 1. Drawing all reasonable inferences in plaintiff's favor, February 18, 2013 was the latest possible date that plaintiff could or should have known or suspected that the grievance procedure had broken down. By her own admission, McNaboe wrote to the Union on February 11, 2013 to remind them that she had not heard from them since October 2012. *Id.* at 9. She wrote: "It was one year ago, February 3, 2012, and still nothing has been done. This is not okay . . . I am requesting information on the schedule for moving forward with this grievance. There must be deadlines!! Have you abandoned me and my grievance[?] What is going on? Please respond as soon as possible." *Id.*

McNaboe's opposition recites how dismissal motions based on the running of the statute of limitations period may be granted only "if the expiration of the statute of limitation is apparent on the face of the complaint." Dkt. 25 at 3 (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). This is such a case. And while McNaboe's opposition presents case law on equitable tolling, *id.* at 4, her motion is completely devoid of any explanation of how such principles apply to her. *See id.*

The Court permitted McNaboe to file a supplemental opposition brief this in case. *See* Dkt. 60. The brief was submitted a day late and contained numerous procedural flaws, the two most glaring being the absence of a declaration or a single reference to the record.[2] *See* Dkt. 61; Civil L-R 7-5(a). McNaboe's brief again failed to address how equitable tolling applies to her. It is well-settled in this Circuit that "[a]rguments made in passing and inadequately briefed are waived." *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009). Following a December 21, 2015 hearing on Safeway's present motion to dismiss — which McNaboe's counsel failed to attend — McNaboe filed an administrative motion to "reschedule" the hearing that again

---

[2] McNaboe also failed to notice or file an amended complaint, despite representing to this Court at a November 20, 2015 case management conference that she planned to do so. At this CMC plaintiff was explicitly advised by this Court that she needed to file an appropriate motion and brief the issue in a timely fashion. See Dkt. 64-1 at ¶ 6.

United States District Court
Northern District of California

included a request to amend her complaint.[3]  Dkt. 66.

As recounted above, the Court is mindful that it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).  Here, the Court finds that no future amendment would put McNaboe within the six-month statute of limitations deadline, in light of the admissions in her complaint (1) that she was, by her own words, aware on February 11, 2013 that her grievance procedure had stagnated (and was understandably frustrated by it); and (2) that February 18, 2013 was her last day of contact with the Union and Safeway prior to filing the present suit. Neither of those days, taken out to six months, are prior to when she filed this suit on September 9, 2013. Dkt. 1.  Moreover, the Court has already permitted McNaboe numerous opportunities to supplement and bolster her argument to convince the Court that the statute should be equitably tolled as to her, and she has neglected to do so. *See* Dkt. 61, 66.

The Court thus GRANTS Safeway's motion to dismiss this cause of action (Dkt. 7 at 3-5) and dismisses the above claim with prejudice.[4]

## II.    Claim for Wrongful Termination against Safeway

Safeway asserts that McNaboe's second cause of action for wrongful termination should be dismissed because it is preempted by ERISA.  Dkt. 7 at 8.  The Court agrees.

ERISA expressly prohibits an employer from terminating an employee for the purpose of

---

[3] The Court observes that while this motion did include a declaration, the motion did not cite to the declaration or include a single citation to the record in this case.  *See* Dkt. 66 at 1-2. The Court additionally notes that this is the fourth of the Court's deadlines that McNaboe has failed to observe.  *See* Dkt. 20, 55, 61, 66.

[4] Having determined that McNaboe's claim is barred by the applicable statute of limitations, the Court declines to rule on whether her claim for unlawful discharge is preempted by ERISA.  *See* Dkt. 7 at 5-6; Dkt. 64 at 4-5. The Court additionally observes that the Union's representation of McNaboe throughout the underlying arbitration provides fertile ground for dismissing the Duty of Fair Representation Claim against the Union as moot.  *See* Dkt. 62; Dkt. 61 at 3 n.2. Again, given that the parties have not briefed the issue of how the arbitration impacts the causes of actions alleged, the Court has intentionally restricted itself to the pleadings and the motions currently before it.

United States District Court
Northern District of California

preventing that employee from obtaining benefits.  29 U.S.C. § 1140.  A state law cause of action that relates to an ERISA-covered plan is preempted by the ERISA statute.  29 U.S.C. § 1144(a).  Specifically, state law wrongful termination claims based on allegations that the employer took adverse action against the employee in order to interfere with benefit rights are subject to ERISA preemption.  *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139-140 (1990); *Felton v. Unisource Corp.*, 940 F.2d 503, 508 (9th Cir. 1991).

Here, McNaboe specifically alleges that Safeway terminated her employment in order to avoid paying pension benefits.  *See* Dkt. 1 at 5, 8, 10, 12.  This appears to place her wrongful termination claim within the realm of the ERISA preemption doctrine.  The pension benefits McNaboe sought were provided through the Union's pension plan, which is regulated by ERISA.  Dkt. 7-1 ¶ 9.  The Court therefore GRANTS defendant's motion to dismiss this claim (Dkt. 7 at 8-9), with prejudice.[5]

## III.    Claim for IIED against Safeway

Safeway contends in its motion that McNaboe's third cause of action for IIED should be dismissed without leave to amend as a matter of law because terminating an employee cannot constitute extreme and outrageous conduct.  Dkt. 7 at 10.  The Court agrees.

It is well-settled that a claim for IIED must be based on conduct that is extreme and outrageous — so much so that it goes beyond all possible bounds of decency and is regarded as atrocious or utterly intolerable in a civilized community.  *Alcorn v. Anbro Eng., Inc.*, 2 Cal. 3d

---

[5] McNaboe alludes to age discrimination in her supplemental opposition papers, and asserts (without declaration or documentary support) that she sought and received a Notice of Case Closure and Right to Sue from the California Department of Fair Employment and Housing (DFEH) on November 21, 2015, some two years after she filed this lawsuit.  Dkt. 61 at 3.  No copy of the Right to Sue was attached to any of the papers plaintiff filed**,** although plaintiff's counsel apparently e-mailed a copy of a Right-to-Sue letter to this Court's courtroom deputy on January 5, 2016.  These extra-record documents will not be considered at this juncture.

United States District Court
Northern District of California

493, 499 (Cal. 1970).  Terminating an employee does not constitute extreme and outrageous conduct as a matter of law, even if the termination was without cause.  *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984) (no claim for IIED where plaintiff alleged he was fired on a pretext, without cause, and in a callous and insensitive manner).  Similarly, discipline and criticism are deemed a normal part of the employment relationship, and do not constitute extreme and outrageous conduct, even if delivered in a malicious manner.  *See Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (Cal. 1990); *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996).

Here, McNaboe contends that "Safeway's conduct was outrageous and outside the normal scope of the employment relationship." Dkt. 1 at 13.  The complaint goes on to describe how Safeway knew that McNaboe's termination would cause her severe emotional distress.  *Id.*  Earlier in her complaint McNaboe alleged that she was initially "subjected to a series of hostile, humiliating interrogatories predicated on an assumption that she had lost or stolen store funds." *Id.*  She contended that she was extremely intimidated by the questioning, which made her feel "overwhelmed, frightened, embarrassed, and confused."  *Id.*  She was then allegedly told by Safeway representatives that her responses to the questions made her "sound like a 6 month-old booth clerk."  *Id.*  At the close of the meeting she was told to contact her Union, but allegedly threatened with a statement to the effect that if she challenged her upcoming suspension, that Safeway would "fight" back.  *Id.*

None of these factual allegations are sufficient to support a claim for IIED

Moreover, the core of McNaboe's complaint does not allege that *these* comments were the extreme and outrageous conduct; the complaint instead charges that the termination *itself* was extreme and outrageous, "in light of unproven and false accusations of wrongdoing."  Dkt. 1 at 13.  There is nothing, as a matter of law, extreme and outrageous about the act of terminating an employee on the basis of unproven or false or even malicious accusations.  No factual amendment to the complaint would cure this legal defect.

The Court thus GRANTS Safeway's motion to dismiss this cause of action (Dkt. 7 at 10-

United States District Court
Northern District of California

9

1    11), with prejudice.[6]

2

3    **IV.    Claim for NIED against Safeway**

4         Safeway contends in its motion that McNaboe's fourth cause of action for NIED should be

5    dismissed without leave to amend as a matter of law because intentional conduct cannot support a

6    claim of NIED.  Dkt. 7 at 10.  The Court agrees.

7         There is no independent action for NIED; rather, NIED requires a showing that defendant's

8    conduct was negligent.  *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (Cal.

9    1993); *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).   A former employee cannot

10   advance an NIED claim in connection with his or her termination, as the act of terminating

11   employment is inherently intentional, not negligent.  *See Semore v. Pool*, 217 Cal. App. 3d 1087,

12   1105 (Cal. App. 1990); *see also Edwards v. United States Fid. & Guar. Co.*, 848 F. Supp. 1460,

13   1466 (N.D. Cal. 1994).

14        McNaboe's claim appears to be a "direct victim," rather than a "bystander" NIED claim.

15   *See Thing v. La Chusa*, 48 Cal. 3d 644 (Cal. 1989).  That is, she clearly states that *she* was the

16   victim of the "negligent" firing.  See Dkt. 1 at 13 ("Safeway owned McNaboe a duty of care . . .

17   Safeway knew or should have known that firing McNaboe . . . would result in McNaboe's serious

18   emotional distress.").   But even if she had attempted to pursue a "bystander" NIED claim on

19   behalf of her husband, who witnessed her return home from work and "feared for her health and

20   safety," because she appeared to be "a victim of a severe trauma . . . as if she had been raped,"

21   Dkt. 1 at 7-8, she would be unable to do so as a matter of law.  This is because, pursuant to

22   California law, the bystander must be "present at the scene of the injury-producing event at the

23   time it occurs and . . . aware that it is causing injury to the victim."  *Thing*, 48 Cal. 3d at 647.

24   McNaboe's complaint is thus legally deficient in these respects on its face.  No amendment to the

25

26        ───────────────────

27        [6] Having determined that the basis of McNaboe's claim is barred as a matter of law, the
     Court declines to rule on whether this claim is preempted by California's Workers Compensation
     Laws.  *See* Dkt. 7 at 11; Dkt. 64 at 6-7.  The Court also declines to rule on whether the IIED claim

28   should be dismissed because McNaboe cannot state a claim for wrongful termination.  *See* Dkt. 7
     at 11; Dkt. 64 at 6.

United States District Court
Northern District of California

pleading would cure these defects.

The Court thus GRANTS Safeway's motion to dismiss this cause of action (Dkt. 7 at 12), with prejudice.[7]

## CONCLUSION

As noted above, while this action was stayed, the CBA-authorized arbitrator reached a final decision on the merits of plaintiff's grievance, found that plaintiff was not discharged for just cause, and ordered her reinstated to her former position with full back pay and benefits, including pension and health and welfare and reimbursement for the COBRA payments she made. Interest was provided on all monies due, at the rate of seven percent.

At this juncture, and for the reasons outlined above, the Court GRANTS Safeway's motion to dismiss plaintiff's first, second, third, and fourth causes of action, with prejudice.

**IT IS SO ORDERED**.

Dated: January 7, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

---

[7] Having determined that the basis of McNaboe's claim is barred as a matter of law, the Court declines to rule on whether this claim is preempted by California's Workers Compensation Laws. *See* Dkt. 7 at 13; Dkt. 64 at 8. The Court also declines to rule on whether the NIED claim should be dismissed because McNaboe cannot state a claim for wrongful termination. *See* Dkt. 7 at 13; Dkt. 64 at 7-8.